IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRENDA ALLEN | * | |
| | * | Civil Action No. CCB-20-179 |
| v. | * | |
| | * | |
| MV TRANSPORTATION, INC., *et al*. | * | |

## MEMORANDUM

Brenda Allen alleges that MV Transportation, Inc. ("MV") caused her personal injury when it negligently drove a mobility bus over a pothole while she was a passenger on board. MV has filed a motion to dismiss, which has been fully briefed, and no oral argument is necessary. For the reasons stated below, the motion will be denied.

## FACTS

On or about October 26, 2016, a mobility bus owned by MV and leased to the Maryland Transit Administration ("MTA") transported passenger Brenda Allen through Baltimore City. (ECF 2, Compl. ¶ 3). While traveling on Pratt Street at an "excessive speed for the conditions of the road," the bus ran over a pothole "without slowing down." (*Id*. ¶¶ 4, 5). As a result, Allen was "bounce[d] up and down in her seat" and was "thrown about with great force and violence." (*Id*. ¶¶ 4, 7). Even though her seatbelt was buckled, she still suffered injuries to her lower back. (*Id.*).

Allen brought an action against MV and the MTA on October 18, 2019, in the Circuit Court for Baltimore City. (ECF 1, Notice of Removal, at 1). After that court dismissed the action as to the MTA, MV removed the case to this court on January 21, 2020. (*Id.* at 2). Allen alleges that MV was negligent in "operat[ing] its vehicle at excessive speed for the conditions of the road" and for failing either to "keep proper lookout" or to "maintain proper control of the vehicle" when it drove over the pothole. (Compl. ¶ 5).

## STANDARD OF REVIEW

1

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Additionally, although courts "must view the facts alleged in the light most favorable to the plaintiff," they "will not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments'" in deciding whether a case should survive a motion to dismiss. *U.S. ex rel. Nathan v. Takeda Pharm. North Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)).

## DISCUSSION

To state a claim for negligence under Maryland law, a plaintiff must assert "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Todd v. Mass Transit Admin.*, 373 Md. 149, 155 (2003). Maryland courts hold common carriers to "the highest degree of care" in operating their vehicles, requiring them "to provide safe means and methods of transportation." *Id.* at 156. The plaintiff bears the burden of proving, under the circumstances, that a common carrier's actions were negligent. *Washington Metro. Area Transit Auth. v. Seymour*, 387 Md. 217, 225 (2005).

Under the jerk-and-jolt doctrine, a plaintiff may not state a negligence claim against a common carrier by mere "adjectival description" of a sudden jerk or jolt of a vehicle.[1] *Id.* (quoting *Comm'r of Motor Vehicles v. Balt. & Annapolis R.R. Co.*, 257 Md. 529, 533 (1970)); *see, e.g., Kaufman, by Deutch v. Balt. Transit Co.*, 197 Md. 141, 146 (1951) (providing examples of such insufficient allegations, including "terrific jolt," "very terrible—very severe jerk or jolt," and "unusually hard jerk"). But, in the absence of direct evidence of the cause of a jolt or sudden movement, a plaintiff may state a claim by showing "some 'definite, factual incident' created by [the sudden movement of the carrier] which shows it to be so abnormal and extraordinary that it can be legally found to have constituted negligence in operation." *Seymour*, 387 Md. at 225 (quoting *Comm'r of Motor Vehicles v. Balt. & Annapolis R.R. Co.*, 257 Md. at 533). Definite and factual incidents that may be sufficient to state a claim, particularly in combination with some alleged failure of care on the part of the driver, include unusual or extraordinary effects upon other passengers; spontaneous shouts of excitement from other passengers; physical damage to the vehicle or to the personal property of passengers; or the plaintiff's being propelled an unusual distance. *Id.*; *see also Balt. Transit Co. v. Sun Cab Co.*, 210 Md. 555, 562 (1956) (sudden stop resulted in throwing passengers back and forth); *Balt. Transit Co. v. Pue*, 243 Md. 256, 260–62 (1966) (falling with sufficient force for driver to hear the impact and fear for passenger's safety after driver failed to keep a proper lookout); *United Rys. & Elec. Co. of Balt. v. Phillips*, 99 A. 355, 356 (Md. 1916) (sudden jerk caused passengers to scream).

In this case, MV argues that under the jerk-and-jolt doctrine, a plaintiff may not recover for "mere bumps and jolts during transporation" without demonstrating either that a collision has occurred

---

[1] The jerk-and-jolt doctrine developed in light of common knowledge that electric streetcars and other forms of mass transportation "do not run perfectly smoothly" and "there are certain movements to which they are subject, and which do not justify the inference of negligence or carelessness on the part of those in charge." *Kaufman, by Deutch v. Balt. Transit Co.*, 197 Md. 141, 146 (1951) (internal quotation omitted); *see also Balt. Transit Co. v. Pue*, 243 Md. 256, 261 (1966) (noting that "irregular motions are to be anticipated in the ordinary course of mass transportation"). The rule was "adopted generally by the courts as a matter of public policy, to avoid having liability based upon a mere expression of feeling on the part of the injured, which the experience of the courts has shown to be oftentimes the exaggeration of self-interest in anticipation of a judgment against a responsible defendant." *Retkowsky v. Balt. Transit Co.*, 222 Md. at 441 (citation omitted).

3

or that an abnormal and extraordinary incident resulted from the bump or jolt. (ECF 6, Mot. to Dismiss, at 7, 9). Thus, MV assumes that striking a pothole is not a collision and asserts that being bounced in one's seat while driving over a pothole is not an "abnormal and extraordinary" incident sufficient to "justify an inference of negligence." (*Id.*). The court disagrees.

MV's reliance on the jerk-and-jolt doctrine is misplaced. The jerk-and-jolt doctrine "is limited in its scope to cases where liability upon the part of a carrier for a sudden stopping, starting, lurching or other unusual or extraordinary motion or movement of the conveyance is attempted to be established by adjectival characterizations of such movement, *without additional proof*." *Retkowsky v. Balt. Transit Co.*, 222 Md. 433, 440 (emphasis added). Typically, jerk-or-jolt cases are those in which an operator has suddenly started a vehicle before a passenger has taken a seat, or in which a seated plaintiff is otherwise unaware of the specific cause of a jolt. *See, e.g., Comm'r of Motor Vehicles v. Balt. & Annapolis R.R. Co.*, 257 Md. at 531–32 (bus stops suddenly to avoid collision); *Kaufman*, 197 Md. at 143 (street car jolted unexpectedly). Allen's allegations are readily distinguishable. First, she does not rely exclusively on her characterization of the jolt as violent and forceful to allege MV was negligent. Instead, she alleges that the driver of the bus failed to slow down before striking the pothole and that the driver operated the bus at an excessive speed given the conditions of the road. Whether she can prove those allegations without reference to her own testimony about the force of the jolt is an issue of fact inappropriate for resolution at the motion-to-dismiss stage. Second, she does not allege that there was any sudden or unexpected movement of the vehicle, but rather that the driver's carelessness in striking the pothole directly caused her injuries. Resolving all inferences in her favor, a bus may fairly be said to have collided with or to have hit a pothole when it runs over one of sufficient size at sufficient speed. Therefore, the jerk-and-jolt doctrine does not control, and Allen need not plead any abnormal or extraordinary effects of the impact to state a claim for negligence.

Further, though MV argues that *Retkowsky v. Baltimore Transit Co.* is factually similar to this case, it is distinguishable. In *Retkowsky*, the plaintiff fell when the streetcar she was boarding started with a "sudden jerk," and the court analyzed her claim with regard to the "duty of a passenger, once on board a public carrier, to use reasonable care to protect [her]self against the normal motions of the vehicles incident to public transporation." 222 Md. at 437. Additionally, the plaintiff in *Retkowsky* tried to support an inference of negligence on the part of the operator by "the use of strong adjectives or expletives characterizing a stop or start." *Id.* Not so here, where Allen, who was seated and buckled at the time of the incident, has alleged direct evidence of the operator's negligence— specifically the operator's failure to exercise care by slowing down to avoid a hazard in the road.

Assuming, as the court must at this stage, that Allen's factual allegations are true, they state a valid claim for negligence under Maryland law.

## CONCLUSION

For these reasons, the court will deny MV's motion to dismiss. A separate order follows.

  9/8/20  
Date

  /S/  
Catherine C. Blake  
United States District Judge

5